**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-rj-00008-GPG

ERIC SCHMIDT, *et al*.,

        Petitioners,

v.

DEREK RUNDELL, *et al*.,

        Respondents.

**STIPULATED PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, oppress, or unduly burden any party, witness, or person providing discovery or to whom discovery pertains in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal and/or Colorado Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary, personal financial information, and/or implicates common law and statutory privacy interests of the parties to this litigation or any other person entitled to protection

under Fed. R. Civ. P. 26(c), including, without limitation, personal financial information, account information, private social security numbers, and other private identifying information. CONFIDENTIAL information also includes (1) any information copied or extracted from information designated CONFIDENTIAL; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL information; (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal CONFIDENTIAL information.

4. CONFIDENTIAL information may be used by the persons receiving CONFIDENTIAL information only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending this action or any other action involving one or more of the Petitioners and/or their affiliates, insiders, and/or relatives, on the one hand, and one or more of the Respondents and/or their affiliates, insiders, and/or relatives, on the other hand, and not for any business or other purpose whatsoever.

5. Notwithstanding anything to the contrary set forth in this Order, Petitioners may use CONFIDENTIAL information, subject to the terms of this Order, for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending any action against Megan Rundell, Drei Sonnenschein, LLC, Tennyson Company LLC, ConKaFin LLC, innorky LLC, Polyient, Inc., Metaverse Acquisition Company LLC, Alumni Fund Ventures LLC, or any entity in which Derek Rundell or Megan Rundell has or had an ownership interest.

6. CONFIDENTIAL documents, materials, and information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this action or any action described in paragraph 4;

(b) persons regularly employed or associated with the attorneys actively working on this action or any action described in paragraph 4whose assistance is required by said attorneys in the preparation for proceedings in this action;

(c) the parties to this action or any action described in paragraph 4, including designated representatives for each party;

(d) expert witnesses and consultants retained in connection with this action or any action described in paragraph 4, to the extent such disclosure is necessary for preparation for proceedings in this action;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action or any action described in paragraph 4;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel and/or any *pro se* party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as **Exhibit A**) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such written acknowledgments shall be retained by counsel and/or any *pro se* party and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel and/or the opposing *pro se* party.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record and/or *pro se* party(ies) within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material if the designating party timely corrects the designation within thirty (30) days of receiving notice of the inadvertent failure to designate qualified information. Upon such timely correction of a designation, the receiving party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

11. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as CONFIDENTIAL. Such information produced by non-parties in connection with this action is protected by the remedies and relief provided by this

Protective Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Documents, materials, information, interrogatory answers, and depositions designated as CONFIDENTIAL, when filed with pleadings or offered as evidence at any hearing or proceeding, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection.

14. Within sixty (60) days after the final termination of this action, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as

CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of the documents, materials, and information designated as "CONFIDENTIAL" that are received pursuant to this Protective Order.

16. If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as **Exhibit A**.

17. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

[Remainder of Page Intentionally Left Blank]

APPROVED AS TO FORM:

| FAIRFIELD & WOODS P.C. | KUTAK ROCK LLP |
|---|---|
| /s/ *Daniel J. Garfield* | /s/ *Jeremy D. Peck* |
| Daniel J. Garfield, #26054 | Jeremy D. Peck, #36588 |
| Nafisa L. Hagmayer, #57698 | 2001 16th Street, Suite 1800 |
| 1801 California Street, Suite 2600 | Denver, Colorado 80202 |
| Denver, Colorado 80202 | Telephone: (303) 297-2400 |
| Telephone: (303) 830-2400 | Facsimile: (303) 292-7799 |
| Facsimile: (303) 830-1033 | jeremy.peck@kutakrock.com |
| dgarfield@fwlaw.com | |
| nhagmayer@fwlaw.com | *Attorneys for Respondent Derek Rundell* |

*Attorneys for Petitioners*

\* \* \* \*

SO ORDERED this _11th_ day of __September __, 2023.

BY THE COURT:

_____

United States District Court Judge

7

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

  I, _____ [full name], of _____ _____ [full address and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the civil action of *Eric Schmidt, et al. v. Derek Rundell, et al.*, Case No. 1:23-rj-00008-GPG.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

  I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

  I hereby appoint _____ [full name] of _____ _____ [full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

_____   _____
Date                    Printed Name

_____   _____
City and State where sworn and signed     Signature